Considered by TRUSSELL, SMITH, and LOVE.

---

N. P. CHRISTENSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4380. Promulgated July 11, 1927.

WORTHLESS CORPORATE STOCK.—Upon the evidence, *held,* that certain stock became worthless during the year 1920 and that petitioner sustained a deductible loss in that year.

*W. Carey Martin, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

This proceeding is for a redetermination of the petitioner's income-tax liability for the calendar year 1920, for which year the respondent has asserted a deficiency in the amount of $132.36. The petitioner

claims that there has been an overpayment in amount of $266 for the year 1920.

The petitioner alleges that the respondent erred (1) in disallowing the deduction in the year 1920 of $4,125, representing a loss alleged to have been sustained during that year, and (2) in including in income for the year 1920, $1,239.05, representing commissions, alleged not to have been received.

The second allegation of error was abandoned at the hearing on this proceeding.

FINDINGS OF FACT.

The petitioner is a resident of Atlantic, Iowa.

During the months of December, 1919, and January, 1920, the petitioner purchased $15,000 worth of stock of the Commonwealth Mortgage Bond Co. of Iowa, hereinafter referred to as the company, which was organized in the fall of 1919. For the said stock the petitioner paid $4,125 in cash and gave his notes for the sum of $10,875.

During the first few months of 1920, petitioner sold stock in the company and for such services earned commissions totaling $1,239.05, which was credited on his notes during 1920. During 1921 the notes were paid, some in full and others at less than face value.

During 1920 the company commenced the construction of a combined office and theater building in Des Moines. Its debts mounted, it became insolvent, and in September, 1920, a receiver was appointed to liquidate the company's assets. The building was partially completed in September, and there were filed against it mechanics' liens amounting to $284,990.17, which was approximately $200,000 more than the uncompleted building and the lease for the land upon which it was being constructed could be sold. The building stood in the uncompleted state for two years, during which time the highest offer therefor was $50,000. The structure and the lease were later sold for $75,000. In September, 1920, the company's liabilities were greatly in excess of its assets. Its office furniture, which had a value not in excess of $2,000, was given to the lessor in payment of office rent then due. Notes receivable for the sum of $188,971.39, all of which had been given in payment for stock, were worth in September, 1920, not more than 10 cents on the dollar and a total of $18,128.77 was collected on all those notes.

In September, 1920, the stock of the Commonwealth Mortgage Bond Co. was worthless.

In his audit of the petitioner's income-tax return for the year 1920 the respondent included in income $1,239.05 as commissions constructively received, which action resulted in the deficiency here involved. The petitioner now admits the constructive receipt of the commissions

and there is no controversy as to the inclusion of the said $1,239.05 in gross income, but the petitioner now claims a deduction of the loss of $4,125 and that the allowance of such deduction would result in an overpayment of tax for the year 1920.

OPINION.

TRUSSELL: There has been submitted in evidence a public accountant's statement of the assets and liabilities of the Commonwealth Mortgage Bond Co. of Iowa as of June 30, 1920, two months prior to the receivership. That statement and the testimony as to recoveries upon the liquidation of the company's assets show that in September, 1920, the assets and liabilities of the company appeared to be as follows:

ASSETS

| | | |
|---|---:|---:|
| Cash | | $286. 38 |
| Notes receivable: | | |
|     Subscribers for stock | $18, 128. 77 | |
|     Real estate | 10, 000. 00 | |
|     Officers | 3, 750. 00 | |
| | | 31, 878. 77 |
| Accounts receivable | | 246. 58 |
| Securities | | 15, 642. 50 |
| Farm | | 90, 000. 00 |
| Construction and lease | | 75, 000. 00 |
| Accrued interest | | 120. 29 |
|     Total | | 213, 174. 52 |

LIABILITIES

| | | |
|---|---:|---:|
| Notes payable to banks | | 10, 000. 00 |
| Accounts payable: | | |
|     On construction | $284, 990. 17 | |
|     On leasehold | 25, 000. 00 | |
|     To Kirkpatrick | 101. 16 | |
| | | 310, 091. 33 |
| Miscellaneous accrued expenses | | 16, 943. 08 |
| Mortgage on farm | | 60, 000. 00 |
| Capital stock: | | |
|     Issued | $109, 309. 20 | |
|     Subscriptions partly paid | 285, 650. 00 | |
|     Surplus paid in | 18, 650. 00 | |
| | | 413, 609. 20 |
|     Total | | 810, 643. 61 |
|     Deficit | | 597, 469. 09 |

The record in this proceeding establishes that the stock of the Commonwealth Mortgage Bond Co. of Iowa, became worthless during 1920.

The petitioner has admitted the constructive receipt of $1,239.05 as commissions earned during 1920 and applied during that year on his

notes given to the Commonwealth Mortgage Bond Co. of Iowa in payment for stocks. That amount, having been paid in to the company during 1920 for stock which became worthless, constitutes a loss in addition to the $4,125 initial payment. The deficiency here involved resulted from the respondent's action of adding the said commissions to income and a deduction for the loss of $1,239.05 wipes out the deficiency.

The petitioner having paid $5,364.05 for stock which became worthless in 1920, sustained a loss of that amount which is a proper deduction from gross income for the year 1920, under section 214 (a) (4) and (5) of the Revenue Act of 1918.

> *The petitioner's income-tax liability for the year 1920 should be recomputed in accordance with the foregoing findings of fact and opinion. Judgment for petitioner will be entered upon 15 days' notice, pursuant to Rule 50.*

Considered by TRUSSELL, LOVE, AND LITTLETON.